**UNITED STATES of America, ex rel. Edward M. DOPKOWSKI, Petitioner-Appellant,**

v.

**Ross V. RANDOLPH, Warden, Illinois State Penitentiary, Menard Branch, Respondent-Appellee.**
**No. 12332.**

United States Court of Appeals Seventh Circuit.

Dec. 31, 1958.

---

Thomas H. Morsch, Robert E. Mason, Jr., Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., of Illinois, Theodore G. Maheras, Asst. Atty. Gen., Chicago, Ill. (William C. Wines, Asst. Atty. Gen., of counsel), for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Petitioner-appellant Dopkowski, while represented by counsel, was sentenced to the Illinois State Penitentiary for a term of one year to life by the Criminal Court of Cook County, Illinois on May 26, 1936 on his plea of guilty to armed robbery.

On March 25, 1944 he was released on parole. However, on January 1, 1945 he was imprisoned in the Indiana State Prison at Michigan City, Indiana for a crime committed in Indiana. He was released therefrom on September 21, 1953 and was returned to Illinois as a parole violator. He has been continuously since, and now is, confined in the Illinois State Penitentiary.

On April 5, 1954 Dopkowski filed petition for a writ of habeas corpus in the Criminal Court of Cook County, Illinois alleging that his conviction in Illinois was in violation of his constitutional rights. Counsel was appointed for him and on December 21, 1955 his petition was denied. The United States Supreme Court denied certiorari.

On July 30, 1956, almost three years after his return to Illinois, Dopkowski filed a petition under the Illinois Post-Conviction Hearing Act, S.H.A. ch. 38, § 826 et seq., in the Criminal Court of Cook County, Illinois.

The Illinois Post-Conviction Hearing Act places a time limitation on filing petitions thereunder in the following language:

"No proceeding under this Act shall be commenced more than five years after rendition of final judgment, or more than three years after the effective date of this act, whichever is later, unless the petitioner alleges facts showing that delay was not due to his culpable negligence."

On November 10, 1956, Dopkowski's petition was dismissed for the reason that he had failed to timely file. He then sought writ of error in the Illinois Supreme Court. The petition was denied. The United States Supreme Court again denied certiorari.

Dopkowski then filed a petition for writ of habeas corpus in the District Court. The District Court dismissed the petition for the reason that Dopkowski had failed to exhaust the remedies available to him in the state courts of Illinois. This appeal followed, we having granted Dopkowski leave to appeal *in forma pauperis* and having appointed Thomas H. Morsch of the Chicago Bar as counsel for him, who has ably briefed and argued his appeal and whose services are appreciated by this court.

Dopkowski now contends—he did not raise the question below and presents it for the first time in this court on appeal—that the Illinois Post-Conviction Hearing Act is unconstitutional for the reason that "it arbitrarily discriminates against persons in petitioner's position thus denying them equal protection of

the laws as guaranteed by the Fourteenth Amendment." Counsel for Dopkowski argued to this Court that the sole question for decision is whether the Act is or is not constitutional and frankly stated that if the Act is constitutional the District Court ruled correctly.

The Illinois Post-Conviction Hearing Act is constitutional. It does not violate the Constitution of Illinois, People v. Dale, 1950, 406 Ill. 238, 92 N.E.2d 761, and it is not violative of the Fourteenth Amendment as urged here. Buck v. Bell, 1927, 274 U.S. 200, 208, 47 S.Ct. 584, 71 L.Ed. 1000.

The fact that Dopkowski was in the Indiana State Prison because he committed a crime in Indiana after he was released on parole in Illinois in 1944 and was not in the Illinois State Penitentiary on August 4, 1949, the effective date of the Act, did not render the Act inapplicable to him upon his return to the Illinois State Penitentiary on September 21, 1953. The Illinois Supreme Court, in denying Dopkowski's petition for writ of error, said:

> "We are of the opinion that the ruling of the trial court was correct. While it is true that petitioner could not have filed a petition while he was confined in the Indiana penitentiary, *as soon as he returned to Illinois that remedy was available to him.* His long delay in filing the petition after his return is not justified by any of the facts set forth in the petition. The writ of error is, therefore, denied." (Italics supplied.)

The Supreme Court of Illinois thus held that Dopkowski had a remedy available to him when he was returned to Illinois on September 21, 1953. That is a clear judicial determination conclusively binding on Dopkowski. It is the law of this case. For Dopkowski to now contend that he did not have an available remedy in the state courts of Illinois because he was in prison in Indiana from 1945 to September 21, 1953, is, therefore, fallacious.

It having been conclusively determined that Dopkowski had an adequate remedy available to him on September 21, 1953 his failure to use that remedy, in the absence of interference or incapacity, bars federal habeas corpus. Brown v. Allen, 1953, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469.

There was no interference with Dopkowski which prohibited him filing a petition under the Illinois Post-Conviction Hearing Act on September 21, 1953 or thereafter, cf. Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, and he was not incapacitated in any manner whatsoever. He voluntarily and without any attempt to use the remedy made available to him by the State of Illinois permitted almost three years to pass and then filed a petition in the Criminal Court of Cook County, Illinois alleging that he had three years from the date he was returned to Illinois in which to file his petition, to-wit: September 21, 1956, and, therefore, his petition was "legally and properly filed within the required time."

The law is well settled that a state may attach reasonable time limitations to the assertion of federal constitutional rights; Brown v. Allen, 1953, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469; Michel v. State of Louisiana, 1955, 350 U.S. 91, 97, 76 S.Ct. 158, 100 L.Ed. 83; that the Illinois Post-Conviction Hearing Act provides an adequate state remedy; United States ex rel. De Frates v. Ragen, 7 Cir., 1950, 181 F.2d 1001, 1005; that the Illinois Post-Conviction Hearing Act is constitutional; People v. Dale, 1950, 406 Ill. 238, 92 N.E.2d 761; Buck v. Bell, 1927, 274 U.S. 200, 208, 47 S.Ct. 584, 71 L.Ed. 1000; and a petition for habeas corpus in the federal court showing that the petitioner has permitted an adequate state remedy to be lost to him for failure to make timely application bars the issuance of the writ. Brown v. Allen, 1953, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469.

Dopkowski's petition for a writ of habeas corpus filed in the District Court

shows upon its face that Dopkowski failed to exhaust the adequate remedy he had available to him on September 21, 1953 and that he has no excuse for his failure so to do.

The District Court correctly dismissed his petition and its judgment in so doing is Affirmed.