986 So.2d 1031 (2008)
Lewis JENKINS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00768-COA.
Court of Appeals of Mississippi.
January 15, 2008.
Rehearing Denied May 6, 2008.
*1032 Lewis Jenkins, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before LEE, P.J., CHANDLER, GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Lewis Jenkins appeals the denial of his motion for post-conviction collateral relief. *1033 As error, Jenkins asserts that: (1) the trial court did not grant him an evidentiary hearing before it dismissed his petition for post-conviction relief, (2) the trial court denied his motion to suppress, (3) the trial court denied his motion to dismiss for failure to provide a speedy trial, (4) his guilty plea was not entered voluntarily, knowingly, or intelligently, (5) certain evidence and facts were not presented to the trial court, (6) Jenkins's counsel was ineffective, and (7) the cumulative effect of the assigned errors warrant that his petition should have been granted.

FACTS
¶ 2. Jenkins was indicted for the depraved heart murder of Teressa Gillum. The charge was subsequently reduced to manslaughter. Jenkins twice confessed to killing Gillum and disposing of her body in a shallow grave.
¶ 3. On July 29, 2004, Jenkins entered a guilty plea to manslaughter. Jenkins was fifty-one at this time and had a twelfth grade education. He was sentenced to twenty years, fifteen to serve with five years probation, in the custody of the Mississippi Department of Corrections.
¶ 4. On September 26, 2005, Jenkins filed his motion for post-conviction collateral relief. In a lengthy opinion, the trial court denied the motion.

STANDARD OF REVIEW
¶ 5. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

I. Involuntary plea
¶ 6. Jenkins argues that his plea was not entered voluntarily, knowingly, or intelligently because he was not informed of the minimum or maximum sentences for manslaughter or the elements of manslaughter. The record in this appeal contains a copy of Jenkins's sworn plea petition and a copy of the transcript from the plea hearing.
¶ 7. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). It is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); Vittitoe v. State, 556 So.2d 1062, 1064 (Miss.1990). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. URCCC 8.04. "A showing that the plea was voluntarily and intelligently made must appear in the record." URCCC 8.04(A)(3).
¶ 8. In the plea petition, Jenkins stated that "[m]y lawyer has counseled and advised me on the nature of each charge(s); or any and all lesser included charges(s); and all possible defenses that I might have in this case." Jenkins further stated that "I know that if I plead `GUILTY', the Court may impose the same punishment as if I had plead `NOT GUILTY', stood trial and been convicted. I know that if I plead `GUILTY' to this charge(s), the possible sentence is: Two years to twenty years." The petition also stated that Jenkins believed "that my lawyer has done all that anyone could do to counsel and assist me."
¶ 9. During the hearing to accept his guilty plea, Jenkins testified under oath that he was guilty. The trial judge fully *1034 explained Jenkin's rights to him, and Jenkins waived those rights. Jenkins said that no one had promised him anything or threatened him to get him to plead guilty. He also said he was satisfied with his lawyer's representation and advice. Finally, the trial judge asked Jenkins if he understood everything that the court tried to explain to him and if Jenkins had any questions. Jenkins responded, "I understood it all, your honor."
¶ 10. The trial court found that Jenkins's plea was entered voluntarily, knowingly, and intelligently. During its denial of Jenkins's petition for post-conviction relief, the trial court found that this issue had no merit. After reviewing the petition and the hearing transcript, we cannot say that the trial court's findings were clearly erroneous. Therefore, we affirm the trial court's holding on this issue.

II. Involuntary confession and denial of speedy trial
¶ 11. Jenkins says that his confession was inadmissible because he did not give it knowingly, voluntarily, or intelligently. Furthermore, Jenkins wants his case dismissed because he claims that he was denied his right to a speedy trial. The Mississippi Supreme Court has held that a valid guilty plea waives a criminal defendant's rights under the "Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." Sanders v. State, 440 So.2d 278, 283 (Miss.1983) (superseded by statute on other grounds). Furthermore, we have held that a "guilty plea waives speedy trial violations." Rice v. State, 910 So.2d 1163, 1165(¶ 7) (Miss.Ct. App.2005). Therefore, we find these two argument have no merit because Jenkins's guilty plea was entered voluntarily, knowingly, and intelligently. Therefore, we uphold the trial court's ruling on this issue.

III. Newly Discovered Evidence
¶ 12. Jenkins argues that he has obtained newly discovered evidence. Jenkins now claims that he would not have pleaded guilty if he had had this evidence before his guilty plea hearing. This Court has previously held:
Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.
Jones v. State, 915 So.2d 511, 514(¶ 10)(Miss.Ct.App.2005). Thus, we find that Jenkins's argument regarding "new evidence" has no merit and we affirm.

IV. Constructive denial of counsel and ineffective assistance of counsel
¶ 13. The trial court appointed the public defender to represent Jenkins after his initial appearance on March 14, 2002. Jenkins states that his public defender did not take any steps in preparing his case until after his indictment in 2004. Thus, Jenkins argues that he was constructively denied counsel because his public defender's representation was ineffective between his initial appearance in 2002 and his indictment in 2004.
¶ 14. To prove ineffective assistance of counsel, a defendant must show *1035 (1) that his counsel's performance was deficient and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. Jenkins must plead both prongs of the above test with specific detail. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 15. Jenkins has failed to meet his burden to establish a claim of ineffective assistance of counsel by his public defender. First, he merely asserts that in a murder case he should have had contact with his attorney during the two years between his initial appearance and his indictment. While we believe that the public defender should have been more diligent in his duties, we do not believe that this argument rises to the level of specificity required. Even if we found that Jenkins's counsel was ineffective, we do not believe that he was prejudiced by his counsel's actions. The record in this case reveals that Jenkins twice confessed to the police. Therefore, we cannot say that Jenkins was prejudiced by the inaction of his appointed counsel.
¶ 16. Jenkins also challenges the actions of his second attorney, whom he retained to represent him after his indictment. Jenkins asserts that his second attorney was ineffective because she did not conduct her own independent investigation of the evidence and failed to interview witnesses. Jenkins has failed to show how his attorney's inaction prejudiced the result in this case. Jenkins, during his guilty plea hearing, stated that he was satisfied by the representation of his attorney. Also, Jenkins confessed twice to killing Gillum, and the trial court denied his motion to suppress these confessions. Therefore, we cannot say that Jenkins was prejudiced by his second counsel's actions.
¶ 17. In fact, it appears that Jenkins's counsel performed adequately. She negotiated a deal with the State that reduced the charge from murder to manslaughter. The supreme court has held that "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee, 653 So.2d at 922. Such is the case here. We find no merit to this issue.

IV. Evidentiary hearing
¶ 18. Jenkins argues that the trial court erred when it denied his motion for post-conviction collateral relief without granting him an evidentiary hearing. In Hebert v. State, 864 So.2d 1041, 1045(¶ 11) (Miss.Ct.App.2004) (citations omitted), this Court held that:
A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing. A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt.
*1036 We find that the trial court did not err in denying Jenkins's request for an evidentiary hearing in this case because Jenkins's assertions are substantially contradicted by the court record.

V. Cumulative error
¶ 19. Jenkins argues that all of the errors in his case, taken as a whole, warrant reversal. The supreme court has held that "[if] there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987). We have not found any reversible error in any of Jenkins's arguments. Therefore, this issue has no merit.
¶ 20. This Court finds that the trial court properly denied Jenkins's petition for post-conviction relief. Therefore, we affirm the trial court's judgment denying the motion for post-conviction collateral relief.
¶ 21. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.