ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. In order for an indictment to be legally sufficient, it must, among other things, contain all the essential elements of the crime charged. The essential elements of murder are that: (1) the defendant killed the victim, (2) without authority of law, and (3) with deliberate design to effect his death. Gerald Mangum pled guilty to murder following his indictment of the charge in 1980. He now argues that his indictment was fatally defective because it did not contain the phrase, “not in necessary self-defense.” However, be
 
 *504
 
 cause his indictment contained the word “unlawfully,” we find Mangum’s sole issue is without merit.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Mangum was indicted for murder by a Hinds County grand jury in 1980. Along with two other charges against him at the time, he pled guilty to the charge of murder on March 4, 1981, in the Circuit Court of the First Judicial District of Hinds County. The trial court subsequently sentenced Mangum to life in the custody of the Mississippi Department of Corrections. Although not contained in the record before this Court, Mangum filed a motion for post-conviction relief with the trial court at some point after the entry of his guilty plea and sentencing for murder, and it was denied on January 5, 1988. Mangum appealed the denial to the Mississippi Supreme Court, and without elaboration, the trial court’s denial was affirmed.
 
 Mangum v. State,
 
 553 So.2d 24, 24 (Miss.1989).
 

 ¶ 8. Mangum filed another motion in connection with his murder conviction and sentence in which he sought post-conviction relief with the trial court on November 12, 1998. This motion was summarily dismissed with prejudice on February 22, 1999. On March 29, 2004, Mangum filed a third motion for post-conviction relief with the trial court. This motion was also summarily dismissed on April 7, 2004. Man-gum did not appeal the trial court’s dismissal of either his second or third motions for post-conviction relief.
 

 ¶ 4. A fourth motion was filed with the trial court on September 24, 2007, in which Mangum requested that the trial court dismiss his 1980 indictment as defective. Mangum subsequently filed an amended motion on May 26, 2009, in which he clarified that his motion was a request for post-conviction relief from alleged deficiencies with his indictment. However, unlike Mangum’s previous two motions for post-conviction relief, on July 2, 2009, his amended motion was denied, rather than dismissed. Mangum now appeals the trial court’s denial of his amended motion for post-conviction relief.
 

 DISCUSSION
 

 WHETHER THE TRIAL COURT ERRED IN DENYING MANGUM’S MOTION FOR POST-CONVICTION RELIEF
 

 A. Procedural Bar
 

 ¶ 5. Mangum argues that the trial court erred in denying his motion for post-conviction relief because he alleges his 1980 indictment failed to state the essential elements of the crime of murder. In
 
 Cole v. State,
 
 608 So.2d 1313 (Miss.1992), the supreme court spoke to the Legislature’s ability to impose reasonable time limitations upon a defendant’s post-conviction-relief efforts.
 
 Cole
 
 involved West Cole’s attempt to seek post-conviction relief from a 1957 guilty plea to manslaughter because he claimed that he had not been represented by an attorney and that he was incompetent at the time of his plea.
 
 Id.
 
 at 1315. The 1957 conviction was used as an aggravating circumstance at Cole’s subsequent 1984 capital-murder sentencing hearing.
 
 Id.
 
 The trial court summarily denied Cole’s motion, finding that it was procedurally barred by the three-year time bar of the Mississippi Uniform Post-Conviction Collateral Relief Act (Act).
 
 Id.
 
 Affirming the trial court’s denial based on the time bar, the supreme court favorably quoted the following passage from an opinion authored by the Iowa Supreme Court:
 

 The thrust of appellant’s argument is that post[-]conviction relief, when utilized as a substitute remedy for habeas corpus, may not be limited by a statute of limitations without violating the prohi
 
 *505
 
 bition against suspending the writ. We do not agree.
 

 [T]he legislature may impose reasonable restriction^] upon the exercise of a constitutional right.
 
 Emberton v. County of San Diego,
 
 186 Cal.App.3d 268, 271, 230 Cal.Rptr. 572, 574 (1986),
 
 cert. denied,
 
 481 U.S. 1038, 107 S.Ct. 1975, 95 L.Ed.2d 815 (1987);
 
 People v. Germany,
 
 674 P.2d 345, 450 [350] (Colo.1983). In
 
 State v. Berg,
 
 237 Iowa 356, 21 N.W.2d 777 (1946), we stated:
 

 Legislatures may pass laws regulating, within reasonable limits, the mode in which rights secured to the subject by bills of right and constitutions shall be enjoyed, and if the subject neglects to comply with these regulations he thereby waives this constitutional privileges.
 

 Id.
 
 at 361, 21 N.W.2d at 780. Such reasonable regulations are proper so long as no constitutional right is materially impaired.
 
 Schloemer v. Uhlenhopp,
 
 237 Iowa 279, 282, 21 N.W.2d 457, 458 (1946).
 

 This restriction involves the time period to commence the action. It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights.
 
 United States v. Randolph,
 
 262 F.2d 10, 12 (7th Cir.1958),
 
 cert. denied,
 
 359 U.S. 1004, 79 S.Ct. 1143, 3 L.Ed.2d 1032 (1959) (citing
 
 Brown v. Allen,
 
 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469, 504 (1953)). We conclude that a time limitation also may be placed on the exercise of a state constitutional right.
 

 Furthermore, statutes of limitations speak to matters of remedy and procedure, rather than the destruction of fundamental rights.
 
 State ex rel. Krupke v. Witkowski,
 
 256 N.W.2d 216, 224 (Iowa 1977);
 
 Presbytery of Southeast Iowa v. Harris,
 
 226 N.W.2d 232, 242 (Iowa),
 
 cert. denied,
 
 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 48 (1975). Here, [the] appellant had a remedy; he had a three-year opportunity to challenge his criminal conviction. By failing to exercise that remedy, he effectively waived his right to challenge his conviction.
 
 See Randolph,
 
 262 F.2d at 12.
 

 For the reasons stated, we hold that the three-year limitation ... does not violate the constitutional prohibition against the suspension of the writ of habeas corpus.
 

 Id.
 
 at 1318-19 (quoting
 
 Davis v. State,
 
 443 N.W.2d 707, 709-10 (Iowa 1989)). Following this recitation, our supreme court stated: “[T]he time limitations provisions of our [Act] are almost identical with those in Iowa. Our statute, like Iowa’s, does not work an unconstitutional suspension of ha-beas corpus.”
 
 Id.
 
 at 1319.
 

 ¶ 6. The reasonable limitations imposed by the Legislature include the procedural bars listed in the Mississippi Act. These include the general three-year time bar, the successive-writ bar, and procedural waiver, which are found in Mississippi Code Annotated sections 99-39-5(2) (Supp. 2009), 99-39-23(6) (Supp.2009), and 99-39-21(1) — (3) (Rev.2007), respectively. Those sections that should be applicable to Man-gum’s appeal include the former two. The latter limitation, section 99-39-21, is inapplicable based upon the plain language of the section. It states, generally, that a defendant waives any “objections, defenses, claims, questions, issues[,] or errors in fact or law which were capable of determination at trial and/or on direct appeal.” Miss.Code Ann. § 99-39-21(1). Furthermore, the doctrine of res judicata applies to all issues decided at trial and on direct appeal. Miss.Code Ann. § 99-39-21(3). Additionally, this section contains the only language granting a court the discretion to waive a procedural bar. Miss.Code Ann.
 
 *506
 
 § 99-39-21(1). However, because Man-gum pled guilty, the prohibition of raising issues that could have been raised at trial or on direct appeal does not apply.
 

 ¶7. Section 99-39-5(2) states, in pertinent part, that unless an exception applies:
 

 A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
 

 The exceptions include: a material intervening decision, newly discovered evidence, and substantiated claims that a defendant’s sentence has expired or that his probation, parole, or conditional release was unlawfully revoked. Miss.Code Ann. § 99-35-5(2)(a)-(b) (Rev.2007).
 

 ¶ 8. Similarly, section 99-39-23(6) provides that an order granting or denying a defendant’s motion for post-conviction relief “is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” As with the time bar, this section also includes exceptions, which include: a defendant’s initial motion under Mississippi Code annotated section 99-19-57(2) (Rev.2007) claiming a mental illness; a material intervening decision; newly discovered evidence; and substantiated claims that a defendant’s sentence has expired or that his probation, parole, or conditional release was unlawfully revoked. Miss.Code Ann. § 99-39-23(6). It is clear from the record in this case and Mangum’s brief that the issue raised in his most-current motion for post-conviction relief does not fall within any of the recognized exceptions stated above.
 

 ¶ 9. Therefore, it would appear at first blush that Mangum’s motion should be barred based upon the Legislature’s ability to set reasonable limitations upon post-conviction proceedings, the tardiness of Mangum’s motion, and the fact that it is a successive writ three times over. However, without mention of
 
 Cole
 
 or the Legislature’s discretion to set reasonable limitations upon a defendant’s right to voice his grievances, constitutional, or otherwise, the supreme court recently made clear in
 
 Jackson v. State
 
 (¶¶ 24, 34) (Miss.2010) that a challenge to the sufficiency of an indictment “is not waivable and is excepted from the [Act’s] procedural bars” as it infringes upon a defendant’s right to due process. Additionally, in
 
 Rowland v. State,
 
 42 So.3d 503, 507-08 (¶ 12) (Miss.2010), the supreme court reiterated its stance “that errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Act].” As such, because this Court is obligated to follow the pronouncements of the supreme court, we reach the merits of Mangum’s motion.
 

 B. Sufficiency of Mangum’s Indictment
 

 ¶ 10. The issue of whether an indictment is fatally defective is a question of law and warrants a broad standard of review by this Court.
 
 Nguyen v. State,
 
 761 So.2d 873, 874 (¶3) (Miss.2000). As such, our review is de novo.
 
 Peterson v. State,
 
 671 So.2d 647, 652 (Miss.1996) (su-perceded by statute).
 

 ¶ 11. An indictment must contain all the essential elements of the crime charged in order for a defendant to be properly convicted.
 
 Jackson
 
 (¶ 23). The essential elements of the crime of murder are that: “(1) the defendant killed the victim; (2) without authority of law; and
 
 *507
 
 (3) with deliberate design to effect his death.”
 
 Brown v. State,
 
 965 So.2d 1023, 1030 (¶ 27) (Miss.2007). Mangum’s 1980 indictment states:
 

 The Grand Jurors for the State of Mississippi, taken from the body of good and lawful persons of the [First] Judicial District of Hinds County, in the State of Mississippi ... upon their oaths present: That Gerald Lee Mangum in said District, County[,] and State on the 18th day of July, A.D., 1980[,] did then and there willfully, unlawfully, feloniously[,] and of his malice aforethought kill and murder John Edgar Simmons[,] a human being[,] contrary to the form of the statute in such cases and provided, and against the peace and dignity of the State of Mississippi.
 

 Mangum argues that the indictment was insufficient as it excluded an essential element of the crime of murder. Mangum claims that it should have also included the phrase, “not in necessary self-defense.”
 

 ¶ 12. As is clear, Mangum’s indictment excludes not only the phrase “not in necessary self-defense” but also “without authority of law,” an identified essential element of the crime of murder. However, the supreme court had held that “the word ‘unlawfully’ and the phrase ‘without authority of law are interchangeable.”
 
 Bishop v. State,
 
 812 So.2d 934, 942 (¶26) (Miss.2002) (quoting
 
 Turner v. State,
 
 796 So.2d 998, 1003 (¶ 20) (Miss.2001)). The supreme court further identified that “unlawful” is defined as “not authorized or justified by law.”
 
 Turner,
 
 796 So.2d at 1003 (¶20) (quoting Webster’s Third New International Dictionary 2502 (1986)). With this in mind we note that a claim of self-defense in a murder case is a claim that the defendant was justified in the purposeful killing of another.
 
 Wadford v. State,
 
 385 So.2d 951, 955 (Miss.1980). Hence, the phrase “not in necessary self-defense” is encompassed in the word “unlawful.” Therefore, we find that Mangum’s indictment was legally sufficient as it contained the word “unlawfully.” This issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.