CARLTON, J.,
dissenting:
¶ 12. I respectfully dissent from the majority’s opinion reversing Anthony Expose’s conviction and remanding this case for a new trial. The majority held the circuit court erred in denying the jury instruction that Expose claimed embodied his defense theory that he engaged in consensual sexual intercourse with Shannon Bessee. However, I submit that a separate jury instruction on consent was not needed in this case since the record reflects that the circuit judge instructed the jury on the elements of the crime that required the State to bear the burden of proving beyond reasonable doubt that Expose had unlawfully and feloniously forcibly raped the victim, Bessee.
¶ IB. The jury indicted Expose on the charge of forcible sexual intercourse pursuant to Mississippi Code Annotated section 97-3-65(4)(a) (Supp. 2011), which states:
Every person who shall have forcible sexual intercourse with any person, or who shall have sexual intercourse not constituting forcible sexual intercourse or statutory rape with any person without that person’s consent by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.
¶ 14. The elements of rape set forth in the jury instruction S-l include the words feloniously and unlawfully, and I submit that these terms encompass “without valid consent or authority.” As previously noted, a review of the jury instructions given at trial reflect that jury instruction S-l set forth the elements of rape, and this instruction included the phrase “feloniously, unlawfully, wilfully, and forcibly.” The Mississippi Supreme Court has held that “unlawful” and “without authority of law” are interchangeable phrases. Mangum v. State, 64 So.3d 503, 507 (¶ 12) (Miss.Ct. App.2010) (citing Bishop v. State, 812 So.2d 934, 942 (¶26) (Miss.2002). In Turner v. State, 796 So.2d 998, 1003 (¶20) (Miss.2001), the supreme court also identi- *1164 ñed that the term “unlawful” is defined as “not authorized or justified by law.”
¶ 15. I submit that the jury instructions given at trial track the language of section 97-3-65(4)(a) and were therefore sufficient, since an unlawful act constitutes an act not authorized or justified by law. Id,.; Johnson v. State, 823 So.2d 582, 584 (¶ 6) (Miss.Ct.App.2002). An act committed with valid consent is not unlawful. In determining that the words “unlawful” and “without authority of law” are interchangeable, the supreme court further explained that the words were synonymous, and synonymous words could be used in jury instructions without error. Turner, 796 So.2d at 1003 (¶ 23).
¶ 16. If valid consent existed, then no felonious and unlawful sexual intercourse with the victim occurred. Thus, I submit that Expose’s defense theory of consensual sexual intercourse was indeed placed before the jury with the inclusion of the words felonious and unlawful in jury instruction S-l; therefore, no need existed for a separate jury instruction on consent. The victim’s consent was clearly in issue before the jury by the requirement upon the State in the instruction to prove beyond reasonable doubt that Expose had unlawfully and feloniously engaged in forcible sexual intercourse. See Harris v. State, 861 So.2d 1003, 1015 (¶27) (Miss. 2003). Therefore, I find no error in the trial court’s denial of Expose’s requested separate jury instruction on consent. Accordingly, I dissent from the majority’s decision, and I would affirm the conviction and sentence.