983 So.2d 331 (2007)
Lorenzo HULL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00186-COA.
Court of Appeals of Mississippi.
December 11, 2007.
Rehearing Denied May 27, 2008.
*332 Lorenzo Hull, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. Lorenzo Hull pleaded guilty in the Circuit Court of Warren County to possession of cocaine and was sentenced to an eight-year suspended sentence with five years of post-release supervision. He was given credit for time served. When Hull violated the terms of his post-release supervision, his eight-year sentence was reinstated with credit for time already served.
¶ 2. Hull file a motion for post-conviction relief. The trial court summarily denied relief and Hull filed his notice of appeal. He raises the following issues:
1. Whether counsel rendered ineffective assistance.
2. Whether petitioner's revocation sentence exceeds the original imposed by the trial court.
3. Whether petitioner was subjected to a denial of due process of law where the trial court failed to advise petitioner of his right to appeal the revocation sentence which the court illegally imposed, directly to the supreme court in view of the sentence being excessive.
4. Whether the petitioner's plea of guilty was unknowingly and involuntarily entered.
¶ 3. The Court finds no error and affirms the judgment of the circuit court.

*333 FACTS
¶ 4. In 2001, Hull was indicted for possession of cocaine. On August 13, 2002, Hull pleaded guilty to the crime. Hull was given an eight-year sentence with one hundred fourteen days to serve, the remainder suspended with five years post-release supervision with the Mississippi Department of Corrections. Hull was a prior convicted felon not eligible for probation.
¶ 5. On May 9, 2006, Hull was given notice and a hearing was held on the motion to revoke his post-release supervision. The trial court found that there was sufficient evidence to revoke Hull's post-release supervision. Hull was found to have failed to report to his probation officer as well as having failed urinalysis tests for alcohol and drug use. Hull's eight-year sentence was reinstated with credit given for the time previously served. Hull was to receive alcohol and drug counseling while in prison.
¶ 6. On December 14, 2006, Hull filed his motion for post-conviction relief. In the motion, Hull complained of an alleged "conflict of interest." His counsel at the trial level had been involved in investigating Hull's involvement in a prior, unrelated drug offense. Prior to becoming an attorney, his guilty plea counsel had been a police officer. Hull also alleged that his reinstated sentence should have been less than eight years.
¶ 7. On January 16, 2007, the trial court denied Hull's motion for post-conviction relief and Hull filed his notice of appeal.

STANDARD OF REVIEW
¶ 8. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 9. All but one of Hull's issues is barred by the three-year statute of limitations of Mississippi Code Annotated 99-39-5(2) (Rev.2007). Hull pleaded guilty on August 13, 2002, and the motion for post-conviction relief was filed on December 14, 2006. As such, only the issue of whether the revocation sentence exceeds the original imposed by the trial court is properly before the Court. Despite this statutory bar, the issues will be briefly discussed.
1. Whether counsel rendered ineffective assistance.
¶ 10. Hull contends that his counsel was ineffective in violation of his Sixth Amendment right to counsel. Hull contends that his attorney was ineffective in that he was once a witness for the State in a previous felony case and failed to advise Hull of "the perils which can possibly befall a client under conflicting representation." Hull also contends that his counsel failed to investigate the facts sufficiently to represent him at trial and sentencing and that his counsel failed to investigate potential defenses and undertook no meaningful preparation for the sentencing phase.
¶ 11. In order to prevail on a claim of ineffective assistance of counsel, Hull must demonstrate that his counsel's performance was deficient and that his deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Hull, and the Court will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). However, a presumption exists that the attorney's conduct was adequate. Burns *334 v. State, 813 So.2d 668, 673(¶ 14) (Miss. 2001).
¶ 12. Hull must show that there is a "reasonable probability" that but for the alleged errors of counsel, the sentence of the trial court would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 13. On the "conflict of interest" issue, Hull has not stated how this would have affected his defense to the charge or the sentence that he received as a result of his guilty plea. Hull has failed to show with "specificity and detail" how his counsel was ineffective because of the counsel's involvement in a prior investigation of Hull. As in Ford v. State, 708 So.2d 73, 75(¶ 8) (Miss. 1998), Hull has failed to meet his burden of proof for establishing ineffective assistance of counsel. The burden is on Hull to show how this "conflict" adversely affected his defense and sentence in his case.
¶ 14. Likewise, Hull does not indicate what additional counsel should have done during the guilty plea and sentencing phase. Hull pleaded guilty and was sentenced to a suspended sentence with credit given for time served. But for violating the terms of his post-release supervision, Hull would not have had to serve any additional time for his crime. Even the suspended sentence was less than Hull could have received as a previous offender.
¶ 15. At his guilty plea hearing, Hull testified under oath that he was satisfied with the services of his attorney and that he believed that his attorney had properly advised him on the plea and properly represented him in this case.
¶ 16. This assignment of error is both barred by statute and is without merit.
2. Whether petitioner's revocation sentence exceeds the original imposed by the trial court.
¶ 17. In support of this assignment of error, Hull cites Harvey v. State, 919 So.2d 282 (Miss.Ct.App.2005). In that case, Harvey's sentence was reinstated after he violated the terms of his probation. This Court held that the court was only authorized to reinstate the remainder of the probationer's original sentence. In that case, Harvey had already served eighteen months of his ten-year sentence and, therefore, the maximum remaining on his sentence was eight years and six months. This Court ordered that Harvey's sentence be corrected to reflect credit of time served.
¶ 18. In this case, the order revoking the suspended sentence correctly stated that Hull was "to receive credit for time served in the Warren County Jail and the Department of Corrections on this charge." This was not different from the sentence that Hull received during his sentencing hearing. Harvey v. State does not require a different result.
¶ 19. There is no merit to this assignment of error.
3. Whether petitioner was subjected to a denial of due process of law where the trial court failed to advise petitioner of his right to appeal the revocation sentence which the court illegally imposed, directly to the supreme court in view of the sentence being excessive.
¶ 20. In this assignment of error, Hull apparently argues that the trial court erred in failing to advise him that he had a right to appeal his original sentencing after the guilty plea. He argues, but does not support, his contention that the sentencing was illegal.
¶ 21. Hull has cited a list of several cases where the appellate courts have allowed appeals and one in which the Mississippi *335 Supreme Court dismissed the appeal for lack of jurisdiction. However, in none of these cases did the courts find an obligation on the part of the trial court to advise the appellant of his right to appeal. Hull does not state how these cases are applicable. As stated in Campbell v. State, 743 So.2d 1050, 1054(¶ 13) (Miss.Ct.App. 1999), "The law is clear with regard to the scope of our review regarding sentences imposed by our trial court: this Court will not disturb a sentence on appeal unless there is a successful proportionality argument or unless the sentence is not within statutory limits set for the Mississippi Legislature."
¶ 22. This assignment of error is both barred by statute and is without merit.
4. Whether the petitioner's plea of guilty was unknowingly and involuntarily entered.
¶ 23. After questioning Hull and his counsel, the trial court found that Hull's guilty plea was "freely voluntarily and intelligently" entered. The trial court had advised Hull of the constitutional rights that he was waiving by pleading guilty, and the maximum sentence for possession of cocaine. Hull indicated that he understood his rights and the maximum sentence and that he had not been coerced or promised anything in exchange for his guilty plea.
¶ 24. A guilty plea is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He must also be told and understand the range of sentences possible under the law. URCCC 8.04(A)(4)(b).
¶ 25. The Court has supplemented the record with the transcript of Hull's guilty plea and sentencing hearing. Hull was asked if he understood the charge against him and if he was, in fact, guilty of the crime. The court also specifically told Hull what the minimum and maximum sentences were for the crime. Hull was asked if anyone had threatened him, promised him anything or made any threats.
¶ 26. The Court made a finding that the guilty plea was intelligently, understandingly, freely and voluntarily made and there was a sufficient factual basis for the entry of the guilty plea. We find nothing in the record to suggest otherwise.
¶ 27. Accordingly, this assignment of error is both barred by statute and without merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.