ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In November 2005, Kamal Karriem Jr. was sentenced by the Circuit Court of Lowndes County to ten years in the custody of the Mississippi Department of Corrections (MDOC) with ten years suspended and five years of probation following his entrance of a guilty plea to the charge of embezzlement by a public official. Several years later, the circuit court revoked his probation and ordered that he serve his original ten-year sentence due to his violation of the terms and conditions of his probation. Karriem contested the sentence in a motion for post-conviction relief (PCR), which the circuit court denied in August 2009. Aggrieved, Karriem now appeals the circuit court’s decision. Finding no error, we affirm.
 

 STATEMENT OF FACTS
 

 ¶ 2. On November 21, 2005, Karriem pleaded guilty to the charge of embezzlement by a public official for loaning a city-issued cell phone to another person, who made approximately $500 in telephone
 
 *679
 
 calls. The circuit court sentenced Karriem to ten years in the custody of the MDOC with ten years suspended and five years of probation and ordered that he pay restitution in the amount of $106.03, which was the balance of the cell-phone bill.
 

 ¶ 3. In September 2007, the circuit court held a hearing on a petition filed by the State to revoke Karriem’s suspended sentence. After finding that Karriem had violated the terms and conditions of his probation by testing positive for cocaine, the court ordered him into a one-year drug-treatment program. In April 2008, the State again requested that the court revoke Karriem’s suspended sentence, as he had failed another drug test and had not successfully completed the drug-treatment program. The court then revoked Karriem’s previously suspended sentence after finding that he had tested positive for cocaine once again and had failed to complete the drug-treatment program. He was subsequently ordered to serve the original ten-year sentence. Karriem filed a PCR motion shortly thereafter, which was denied on August 31, 2009.
 

 ¶ 4. Karriem now appeals and asserts the following: the circuit court erred in finding his guilty plea was knowingly, voluntarily and intelligently made; the circuit court erred in finding that he received effective assistance of counsel; and, his sentence is inconsistent with other sentences given for the same crime and constitutes cruel and unusual punishment. Finding no error, we affirm.
 

 DISCUSSION
 

 I. Whether the circuit court erred in ruling that Karriem’s guilty plea was knowingly, voluntarily and intelligently made.
 

 ¶ 5. It is well settled that when reviewing the voluntariness of guilty pleas, an appellate court “will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.”
 
 Walton v. State,
 
 16 So.3d 66, 70 (¶ 8) (Miss.Ct.App.2009) (quoting
 
 House v. State,
 
 754 So.2d 1147, 1152 (¶ 24) (Miss.1999)). Furthermore, “[t]he burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence.”
 
 Id.
 
 at 70 (¶ 8) (citation omitted).
 

 ¶ 6. In this case, Karriem argues that he only agreed to plead guilty to the offense of embezzlement by a public official because he was informed that he would be sentenced under the non-adjudication statute, Mississippi Code Annotation section 99-15-26 (Supp.2010). Application of the statute would have allowed for Karriem’s arrest and felony conviction to be erased from his record.
 

 ¶ 7. The record shows that Karriem received a letter from his counsel which indicated that the State would not oppose application of the statute and would affirmatively recommend probation. The letter went on to explain that if Karriem successfully completed his probation and the statute were applied, then there would be no record of Karriem’s arrest or felony conviction. Nonetheless, the record also demonstrates that prior to his guilty plea, Karriem was aware that the State’s sentence recommendation to the circuit court was ten years suspended with five years of probation and that it was the court’s ultimate decision whether or not to enforce the State’s recommendation and to apply the statute. Furthermore, Karriem testified in open court that he understood that by pleading guilty, he was giving up his rights to a public trial by jury, to cross-examine the State’s witnesses, and to call his own witnesses. Finally, Karriem testified he understood that if he went to trial and were found guilty, he could be sen
 
 *680
 
 tenced to a maximum of ten years in the custody of the MDOC, but he could appeal the jury’s verdict.
 

 ¶ 8. While it is indisputable that the court had sole discretion as to Karriem’s sentence, the record also supports the State’s contention that it never agreed to ask the court to apply the statute. When Karriem’s counsel broached the subject of the statute with the court, the State responded that such a recommendation was not an explicit part of their plea agreement. Karriem’s counsel failed to contest the State’s remarks regarding the plea agreement and further stated that she had advised her client that application of the statute was entirely at the discretion of the court. Accordingly, we find this issue is without merit.
 

 II. Whether the circuit court erred in finding that Karriem had received effective assistance of counsel.
 

 ¶ 9. It has long been held that in order for a defendant to prevail on an ineffective-assistance-of-counsel claim, • he or she must “show by a preponderance of the evidence (1) that .counsel’s performance was deficient, and (2) but for the deficiencies, the trial court outcome would have been different.”
 
 Jones v. State,
 
 976 So.2d 407, 410-11 (¶ 6) (Miss.Ct.App.2008) (quoting
 
 Ward v. State,
 
 914 So.2d 332, 336 (¶ 12) (Miss.Ct.App.2005)). Furthermore, under
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show “that counsel’s errors were so serious as to deprive the defendant of a fair trial.” Finally, “[a] presumption exists that the attorney’s conduct was adequate.”
 
 Hull v. State,
 
 983 So.2d 331,
 
 333-34
 
 (¶ 11) (Miss.Ct.App.2007) (citing
 
 Burns v. State,
 
 813 So.2d 668, 673 (¶ 14) (Miss.2001)).
 

 ¶ 10. The record shows that Karriem’s counsel wrote him a letter advising him of the proposed plea agreement. Within the letter, she told Karriem that she would ask for the statute to be applied to his case and that the State had agreed not to oppose the recommendation. However, the letter also showed that the State did not agree to recommend application of the statute. The letter indicates that the State only agreed to recommend that Kar-riem be given ten years suspended with five years of probation. Indeed, Karriem’s plea petition reflects the State’s recommendation of probation, but it fails to mention application of the statute at all.
 

 ¶ 11. Karriem’s counsel failed to petition the court strongly or contest the State’s remarks regarding application of the statute. However, application of the statute could not be guaranteed by Kar-riem’s counsel, as that decision rested firmly with the circuit court. Karriem stated that he understood the petition. Karriem acknowledged in open court that he understood application of the statute was within sole discretion of the circuit court. While Karriem’s counsel offered an overly optimistic prediction that the court may decide to apply the statute and, if applied, the court “would defer accepting [Karriem’s] plea” and would erase Kar-riem’s record of the arrest and conviction upon completion of probation, these actions by his attorney do not rise to the level of constitutional deprivation of counsel. As stated by the Fifth Circuit Court of Appeals regarding ineffeetive-assis-tance-of-counsel claims: “[a] prediction, prognosis, or statement of probabilities ... fail[s] to surmount the ‘formidable barrier’ presented by [a defendant’s] open court assertions that there [are] ‘no promises’ about his sentence.”
 
 Harmason v. Smith,
 
 888 F.2d 1527, 1531 (5th Cir.1989) (citing
 
 Self v. Blackburn,
 
 751 F.2d 789, 793 (5th Cir.1985)). This issue is meritless.
 

 
 *681
 

 III. Whether Karri,em’s sentence constitutes cruel and unusual punishment and is inconsistent with other sentences given for'the same crime.
 

 ¶ 12. This Court has stated that: “the three factors to look at when determining whether a sentence is proportional are: ‘(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.’ ”
 
 Gray v. State,
 
 926 So.2d 961, 979 (¶ 63) (Miss.Ct.App.2006) (quoting
 
 Willis v. State,
 
 911 So.2d 947, 951 (¶ 17) (Miss.2005)). Furthermore, “when sentences are within the limits of the statute, the imposition of such sentences is within the sound discretion of the trial court, and [an appellate court] will not reverse them.”
 
 Presley v. State,
 
 474 So.2d 612, 620 (Miss.1985).
 

 ¶ 13. Karriem argues that the ten-year sentence imposed was disproportionate to the crime committed, especially in light , of the minimal amount of the embezzlement approximately $500. However, the original sentence afforded Karriem suspended jail time with only probation to serve. After testing positive for cocaine during his probation, the circuit court offered him yet another alternative to jail time by ordering him into a one-year drug-treatment program as part of his probation. Thereafter, Karriem violated the terms and conditions of his probation once more by testing positive for cocaine again and by failing to complete the drug-treatment program.
 

 ¶ 14. Although a ten-year sentence falls within the sentencing guidelines for the crime of embezzlement by a public official, the circuit court gave Karriem the opportunity to avoid jail time through various types of probation. As noted by the circuit court in its order denying Karriem’s motion for PCR, Karriem was forced to serve actual time in prison on his conviction only after he had violated the terms of his probation on two separate occasions. Accordingly, we cannot find that the circuit court erred in its sentencing of Kar-riem. This issue is meritless.
 

 ¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.