LEE, C.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. Ernest Collins Jr. was convicted in the Harrison County Circuit Court of three counts of sexual battery, one count of touching a child for lustful purposes, and one count of statutory rape. He was sentenced to concurrent fifteen-year sentences on Counts I, II, III, and IV, and he was sentenced to twenty years on Count V. The sentence imposed in Count V was ordered to run consecutively with the sentences imposed in Counts I-IV, for a total sentence of thirty-five years to serve in the custody of the Mississippi Department of Corrections. Collins moved for a new trial, which was denied.
 

 ¶2. Collins now appeals, asserting the following issues: (1) Dr. J. Donald Math-erne’s testimony was highly prejudicial and only served to bolster the victim’s credibility, and (2) alternatively, trial counsel was ineffective for failing to object to Dr. Matherne’s testimony.
 

 FACTS
 

 ¶ 3. Collins lived in Harrison County, Mississippi, with his wife and two children. In February 2005, Collins’s wife told her daughter, S.C.
 
 [1]
 
 , that she planned to divorce Collins. S.C. responded by telling her mother that Collins had sexually
 
 *1146
 
 abused her. S.C. stated that she did not have the courage to tell anyone until this point. S.C. was sixteen years old at the time of trial and twelve or thirteen years old when the abuse occurred.
 

 ¶ 4. At trial, S.C. testified that Collins engaged in sexual activity with her on multiple occasions when the two were alone. S.C. testified that Collins touched her breasts and vagina; she performed oral sex on him; he performed oral sex on her; and they had sexual intercourse. She said that Collins told her she would get in trouble and go to jail if she told anyone. S.C. stated that the acts happened “more than once,” but she could not state a specific number of times.
 

 ¶ 5. S.C.’s brother testified that on several occasions, he saw S.C. and Collins in Collins’s bedroom on the bed. The lights were off, and he never saw what they were doing. This happened “maybe about five times.” On one occasion, he asked to come in the bedroom, but Collins made an excuse and told him not to come in the room.
 

 DISCUSSION
 

 I. EXPERT TESTIMONY
 

 ¶ 6. At the request of the Department of Human Services, Dr. Matherne, a clinical psychologist, interviewed S.C. Dr. Math-erne testified at trial regarding his interview with S.C. No objection was made to Dr. Matherne’s testimony or his qualification as an expert in clinical psychology.
 

 ¶ 7. Dr. Matherne testified that he gave S.C. anatomical drawings for her to indicate where Collins had touched her. Dr. Matherne testified that S.C. indicated that penetration had occurred. Dr. Matherne then asked S.C. to illustrate the penetration. He described his method for minors to demonstrate penetration as follows:
 

 In terms of the interview and the clinical examination, there is a question that sometimes will be raised about whether the touching involved a degree of penetration. I developed a methodology to address that question. It’s not a test, it’s a methodology. I had her, as I do with others, make a fist with one hand indicating to her that the fist was to then represent the vaginal area. Then I said I wanted her to show me what happened. I didn’t tell her anything to do with the other hand, but she immediately took her other hand, inserted her index finger inside of her closed fist.
 

 ¶ 8. When asked if he had reached a conclusion as to whether S.C. had been the victim of sexual abuse within a reasonable degree of scientific certainty, Dr. Math-erne responded: ‘Yes. I refer to it as clinical opinion and clinical certainty. And in my clinical opinion ... there was an allegation of sexual abuse.... ”
 

 ¶ 9. After Dr. Matherne’s testimony, the State rested its case. Collins moved for a directed verdict. The trial court denied the motion but, in. doing so, stated as follows:
 

 It was not necessary, in my view, for Dr. Matherne to come here and testify, because he does it all the time drawing his own conclusion, which, if there had been an objection to it, I would have sustained it.
 

 His opinion, the jury will be told by way of instruction, that his opinion will be accepted or rejected, whichever they think is appropriate based upon his experience and his training.
 

 Dr. Matherne always wishes, and you can tell him that I said this, I’ve said it in his presence, he always has a desire to press his point of trying to include the Court of Appeals or the Supreme Court in accepting his methodology, and it’s
 
 *1147
 
 not accepted by anybody. That being as it may, [I] overrule your motion.
 

 The defense did not present any witnesses.
 

 ¶ 10. Collins argues that Dr. Matherne’s testimony was inadmissible under Mississippi Rule of Evidence 702 because it was not based on scientific, technical, or specialized knowledge. Collins asserts that Dr. Matherne did nothing but repeat what S.C. had told him and agree with it. Collins also argues that Dr. Matherne’s “methodology” was not “the product of reliable principles and methods.” M.R.E. 702.
 

 ¶ 11. This issue must be reviewed for plain error since no objection was made to Dr. Matherne’s testimony at trial. Under a plain-error analysis, this Court may only reverse on an issue not otherwise preserved for appeal if there was an error that involved a fundamental right and resulted in a “manifest miscarriage of justice” or “seriously affect[ed] the fairness, integrity!,] or public reputation of judicial proceedings.”
 
 Brown v. State,
 
 995 So.2d 698, 708 (¶ 21) (Miss.2008) (citations omitted).
 

 ¶ 12. Collins argues that the admission of Dr. Matherne’s testimony affected his fundamental right to a fair trial because it was unreliable and only served to bolster S.C.’s testimony. Although the trial court found Dr. Matherne’s testimony suspect, we cannot find that it amounted to a “manifest miscarriage of justice.”
 
 Id.
 
 Dr. Matherne has a degree in psychology and a Ph.D. in clinical psychology. At the time of his testimony, he had been a clinical psychologist for forty years. He had testified as an expert in his field over 600 times.
 

 ¶ 13. Dr. Matherne testified that based on his experience, S.C. demonstrated behavior consistent with a victim of sexual abuse. He did not make a conclusion as to whether or not S.C. was a victim of sexual abuse. Testimony regarding whether a child’s statements to a psychologist are consistent with sexual abuse has been found admissible by this Court.
 
 Burbank v. State,
 
 800 So.2d 540, 545 (¶ 11) (Miss.Ct. App.2001) (citing
 
 Hall v. State,
 
 611 So.2d 915, 919-920 (Miss.1992)). In
 
 Burbank,
 
 this Court stated that “whether the [psychologist’s] assessment was consistent with a sex abuse victim ... is quite different than testifying that the child was a victim of sexual abuse.”
 
 Id.
 
 The conclusion that “the overall result was consistent with a child that had been sexually abused ... is proper and within the scope of expert testimony.”
 
 Id.
 

 ¶ 14. We find that it was not plain error for the trial court to allow Dr. Matherne’s testimony. This issue is without merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 15. Collins argues, in the alternative, if this Court does not find that Dr. Math-erne’s testimony was plain error, that his trial counsel was ineffective for failing to object to Dr. Matherne’s testimony.
 

 ¶ 16. To prove ineffective assistance of counsel, Collins must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that a counsel’s performance falls within the range of reasonable professional assistance.
 
 Id.
 
 at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052.
 

 ¶ 17. When a claim of ineffective assistance of counsel is raised on direct
 
 *1148
 
 appeal, it should be addressed only when “(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.”
 
 Colenburg v. State,
 
 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999). If this Court does not reverse on other grounds and is unable to conclude that the defendant received ineffective assistance of counsel, it should affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.”
 
 Id.
 
 Review on direct appeal of an ineffective-assistance-of-counsel claim is confined strictly to the record.
 
 Id.
 
 at 1102 (¶ 6).
 

 ¶ 18. We cannot find that Collins has established a reasonable probability that, had his attorney objected to Dr. Matherne’s testimony, the jury verdict would have been different. The Mississippi Supreme Court has held “that persons may be found guilty on the uncorroborated testimony of a single witness.”
 
 Withers v. State,
 
 907 So.2d 342, 353 (¶ 32) (Miss.2005) (quoting
 
 Doby v. State,
 
 532 So.2d 584, 591 (Miss.1988)). S.C. testified that Collins sexually abused her. Even without supporting testimony, the jury could have found Collins guilty. It is well settled that “[t]he jury determines the weight and credibility to give witness testimony and other evidence.”
 
 Moore v. State,
 
 933 So.2d 910, 922 (¶ 43) (Miss.2006). S.C. testified in detail about multiple acts of sexual contact with her father. We find that her testimony alone was sufficient to support the conviction.
 

 ¶ 19. We find nothing in the record to show “ineffectiveness of constitutional dimensions” on behalf of Collins’s trial counsel. Collins’s ineffective-assistance-of-counsel claim is dismissed without prejudice to his right to later raise the issue in post-conviction proceedings if he so chooses.
 

 ¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I, II, AND III, SEXUAL BATTERY, AND COUNT IV, TOUCHING A CHILD FOR LUSTFUL PURPOSES, AND SENTENCE OF FIFTEEN YEARS ON EACH COUNT, WITH THE SENTENCES TO RUN CONCURRENTLY WITH ONE ANOTHER, AND CONVICTION OF COUNT V, STATUTORY RAPE, AND SENTENCE OF TWENTY YEARS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS IIV, FOR A TOTAL OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J„ NOT PARTICIPATING.
 

 [1]
 

 . The Court of Appeals declines to identify minor victims of sexual crimes.