ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In September 2006, Terry Rodgers pleaded guilty in Lee County Circuit Court to two counts of aggravated assault and one count of possession of methamphetamine. Rodgers was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) on both counts of aggravated assault. He was also sentenced to eight years in the custody of the MDOC without eligibility for parole or probation due to application of the habitual-offender statute for the count of possession of methamphetamine. All sentences were designated to run concurrently. In September 2009, Rodgers filed a motion for post-conviction relief (PCR), claiming that he had received ineffective assistance of counsel and that he had not properly entered guilty pleas. The circuit court denied Rodgers’s PCR motion in January 2010. Aggrieved, Rodgers now appeals. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On September 5, 2006, Rodgers pleaded guilty to two counts of aggravated assault and one count of possession of methamphetamine in excess of one gram, in violation of the Uniform Controlled Substance Act. Prior to Rodgers’s arraignment, the circuit court had ordered a mental evaluation of Rodgers to analyze his claim that he was incompetent to plead guilty or stand trial. After reviewing the medical report submitted by Rodgers’s examining doctor, the court determined that Rodgers was “thoroughly competent to understand and appreciate” the processes of entering guilty pleas and standing trial.
 

 ¶ 3. Thereafter, the circuit court sentenced Rodgers to twenty years in the custody of the MDOC, with five years suspended and five years of post-release supervision (PRS) for the first count of aggravated assault. He received twenty years in the custody of the MDOC with five years suspended for the second count of aggravated assault. Finally, due to Rodgers’s prior felony convictions of shooting into a dwelling and possession of a firearm by a convicted felon, the circuit court applied the habitual-offender statute and sentenced Rodgers to eight years in the custody of the MDOC without eligibility for parole or probation for the count of possession of methamphetamine.
 

 ¶ 4. On September 24, 2009, Rodgers filed a PCR motion claiming that his counsel was constitutionally ineffective, and that he did not knowingly, intelligently, and voluntarily enter guilty pleas on the instant charges. In a lengthy order, the circuit court denied the PCR motion.
 

 ¶ 5. Aggrieved, Rodgers appeals and asserts the following: (1) his counsel was ineffective by failing to conduct an adequate investigation into his mental condition, failing to request a pretrial competency hearing, and failing to ensure that he was aware of the consequences of the charges against him; and (2) his guilty pleas were not knowingly, intelligently, and voluntarily entered.
 

 DISCUSSION
 

 I. Statute of Limitations
 

 ¶ 6. Mississippi Code Annotated section 99-39-5(2) (Supp.2010) provides that a prisoner has three years within which to request post-conviction relief.
 
 *738
 
 After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:
 

 That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the petitioner’s] conviction or sentence or that [the petitioner] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Miss.Code Ann. § 99-39-5(2).
 

 ¶ 7. Rodgers filed his PCR motion on September 24, 2009 — over three years after his conviction. While he anticipatorily addressed the State’s statute-of-limitations argument in his appellate brief, Rodgers failed to assert any of the above-mentioned conditions that would negate the procedural bar. Accordingly, we find that Rodgers’s PCR motion is statutorily prohibited and that his ensuing issues are moot. Nonetheless, assuming arguendo that Rodgers’s PCR motion were not barred, we address the merits of his claims.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 8. It is well-settled law that in order for a defendant to prevail on an ineffective-assistance-of-counsel claim, he or she must “show by a preponderance of the evidence (1) that counsel’s performance was deficient, and (2) but for the deficiencies, the trial court outcome would have been different.”
 
 Jones v. State,
 
 976 So.2d 407, 410-11 (¶ 6) (Miss.Ct.App.2008). Additionally, under
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show “that counsel’s errors were so serious as to deprive the defendant of a fair trial.” Finally, “[a] presumption exists that the attorney’s conduct was adequate.”
 
 Hull v. State,
 
 983 So.2d 331, 333-34 (¶ 11) (Miss.Ct.App.2007) (citing
 
 Burns v. State,
 
 813 So.2d 668, 673 (¶ 14) (Miss.2001)).
 

 ¶ 9. Here, Rodgers claims that his counsel’s deficient performance was reflected in her failure to investigate his alleged mental condition properly and her failure to request a pretrial hearing before the arraignment. However, contrary to Rodgers’s claims, his counsel requested a competency hearing, which was granted. The circuit court scheduled Rodgers’s pretrial hearing and his arraignment back-to-back on the same day. Combining the pretrial hearing and the arraignment was an administrative decision by the circuit court, and it did not reflect any deficient performance by Rodgers’s counsel. Thereafter, Rodgers’s counsel secured a mental evaluation by Dr. Chris Lott, a clinical psychologist, who provided a complete written report for the circuit court’s
 
 *739
 
 review. Accordingly, we find that Rodgers’s counsel’s efforts did not constitute deficient performance with regard to an exploration into Rodgers’s legal competency-
 

 ¶ 10. Finally, the record reflects that Rodgers testified in open court that he was satisfied with the legal services and the advice he received from his lawyer. He also stated he felt that he had been adequately represented by his lawyer. Additionally, Rodgers was subjected to a thorough questioning by the circuit court regarding his understanding of the charges against him. Rogers’s testimony reflects that he was aware of the charges and the consequences of pleading guilty to the charges before he entered his guilty pleas. As such, Rodgers has failed to meet the burden of proof regarding his ineffective-assistance-of-counsel claims. We find these issues are meritless.
 

 III. Voluntariness of Guilty Plea
 

 ¶ 11. It has long been held that when reviewing the voluntariness of guilty pleas, an appellate court “will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.”
 
 Walton v. State,
 
 16 So.3d 66, 70 (¶ 8) (Miss.Ct.App.2009) (quoting
 
 House v. State,
 
 754 So.2d 1147, 1152 (¶24) (Miss. 1999)). Furthermore, “[t]he burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence.”
 
 Id.
 
 at 70 (¶ 8) (citation omitted).
 

 ¶ 12. Rodgers asserts that his guilty pleas were not properly entered due to erroneous advice from his trial counsel and Rodgers’s mental incapacity. Since we have already negated Rodgers’s arguments regarding his counsel’s performance, this associated claim of allegedly deficient counsel must also fail. In support of his argument that his mental condition prevented him from validly entering his guilty pleas, Rodgers provides reports that were promulgated many years ago during a review by the Social Security Administration with respect to Rodgers’s claim for disability. Specifically, the two reports were written fifteen years and eight years, respectively, prior to Rodgers’s guilty pleas and, thus, fail to reflect Rodgers’s medical condition at the time of his guilty pleas. Additionally, while the reports were completed by competent licensed physicians, the reports were simply compiled to determine whether Rodgers qualified for disability with the Social Security Administration. Therefore, in addition to being outdated, the reports failed to address the issue at hand — Rodgers’s state of mind regarding his legal competency to enter his guilty pleas, stand trial, or cooperate in his defense.
 

 ¶ 13. In the course of his analysis, the circuit judge reviewed the written report submitted by Dr. Lott, the psychologist retained by Rodgers’s counsel. Dr. Lott examined Rodgers immediately prior to the arraignment, and in his report, Dr. Lott asserted that Rodgers “had an intellectual level that would have enabled him to understand the nature and quality of his alleged actions and understand the difference between right and wrong.” The circuit court discussed Dr. Lott’s findings at the arraignment and went on to administer a thorough questioning of Rodgers’s comprehension of the charges brought against him and the consequences of entering guilty pleas to those charges in lieu of standing trial. The circuit court determined that Rodgers was legally competent to understand both the nature of his crimes and the consequences of pleading guilty to the crimes.
 

 ¶ 14. Therefore, we find that Rodgers has failed to meet his burden of proving that the circuit court was clearly erroneous
 
 *740
 
 in its determination that he knowingly, intelligently, and voluntarily entered guilty pleas on the instant charges. This issue is meritless.
 

 CONCLUSION
 

 ¶ 15. Rodgers failed to request post-conviction relief within the allotted three-year statute of limitations pursuant to Mississippi Code Annotated section 99-39-5(2). Accordingly, his PCR motion is pro-eedurally barred. Nonetheless, a review of the record reflects that Rodgers’s claims of ineffective assistance of counsel and involuntarily entering of his guilty pleas are meritless. Accordingly, we affirm the circuit court’s judgment.
 

 ¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.