RUSSELL, J.,
for the Court:
¶ 1. Jeffrey Scott Lawrence appeals the Jackson County Circuit Court’s order denying his motion for post-conviction relief (PCR). Lawrence raises five issues for review, which we restate for clarity: (1) whether his attorney’s failure to object to *158 identification testimony from two law-enforcement officers resulted in ineffective assistance of counsel; (2) whether his attorney’s failure to object to hearsay and opinion evidence resulted in ineffective assistance of counsel; (3) whether his attorney’s failure to object to the State’s rebuttal witnesses and introduction of photographs resulted in ineffective assistance of counsel; (4) whether his attorney’s failure to obtain an expert to assist in rebutting the State’s DNA evidence resulted in ineffective assistance of counsel; and (5) whether the cumulative errors of his attorney resulted in prejudice. Finding no error, we affirm the circuit court’s denial of Lawrence’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 21, 1992, Lawrence was indicted for rape, sexual battery, and burglary. On May 28, 1998, the jury returned a verdict of guilty, and Lawrence received a life sentence for the rape conviction; a ten-year sentence for the sexual battery conviction to run consecutively with the rape sentence; and a five-year sentence for the burglary conviction to run concurrently with the other sentences. His convictions were upheld on direct appeal by this Court in an unpublished opinion. Lawrence v. State, 9S-KA-01202-COA, 695 So.2d 603 (May 20, 1997).
¶ 3. On April 25, 2001, our supreme court granted Lawrence leave to file his PCR motion. On May 16, 2001, Lawrence filed his PCR motion. After an evidentia-ry hearing, the circuit court entered an order denying relief on December 17, 2008. On December 22, 2010, Lawrence was granted a motion for an out-of-time appeal, and on December 28, 2010, Lawrence filed notice of this appeal.
¶ 4. Additional facts will be discussed as they relate to each issue.
DISCUSSION
¶ 5. This Court “will not disturb a lower court’s denial of a petition for post-conviction relief unless it is clearly erroneous.” Johnson v. State, 80 So.3d 136, 138 (¶ 5) (Miss.Ct.App.2012) (quoting Owens v. State, 17 So.3d 628, 632 (¶ 7) (Miss.Ct.App.2009)). However, “the determination of whether [Lawrence] received effective assistance of counsel is a mixed question of law and fact to be reviewed de novo.” Kambule v. State, 19 So.3d 120, 122 (¶ 6) (Miss.Ct.App.2009) (citing Lewis v. State, 798 So.2d 635, 636 (¶5) (Miss.Ct.App.2001)).
¶ 6. “To show ineffective assistance of counsel, [Lawrence] must establish: (1) his attorney[’s] performance was deficient, and (2) the deficiency was prejudicial.” Cooper v. State, 76 So.3d 749, 754 (¶ 17) (Miss.Ct.App.2011) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “To qualify as deficient, [counsel’s] performance must fail to meet ‘an objective standard of reasonableness.’ ” Id. (citing Strickland, 466 U.S. at 688, 104 S.Ct. 2052). However, “[t]here is a ‘strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.’ ” Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052). “For prejudice to exist, there must be a ‘reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Id. at 754 (¶ 17) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 7. “[Lawrence] has the burden to show both prongs of Strickland are met.” Id. at 754 (¶ 18) (citing Moody v. State, 644 So.2d 451, 456 (Miss.1994)). “We review whether the movant has made the required showing under each prong of Strickland based on the totality of the circumstances.” *159 Id. (citing Carney v. State, 525 So.2d 776, 780 (Miss.1988)).
I. Whether the failure of Lawrence’s attorney to object to identification testimony from two law-enforcement officers resulted in ineffective assistance of counsel.
¶ 8. Lawrence argues that the failure of his attorney to object to identification testimony from two law-enforcement officers resulted in ineffective assistance of counsel. We disagree.
¶ 9. On October 7, 1989, Officer Thomas Lamb and Officer Thomas Tarazano responded to the call reporting Jane Doe’s[1] rape. Both officers testified that on the way, they saw someone who fit the description of Jane Doe’s attacker driving a pickup truck. At trial, Officer Lamb was shown a photograph, and he stated that it resembled the person he saw driving the truck. When asked if he knew who the person in the photograph was, Officer Lamb identified Lawrence. The photograph was then offered into evidence without objection. Officer Tarazano also testified that he saw the driver and confirmed that the photo resembled the person driving the truck.
¶ 10. Lawrence argues that these in-court identifications were based on out-of-court identification procedures that were so unnecessarily suggestive that they created the likelihood that Lawrence would be misidentified. That is, both officers were shown a single photograph by the State prior to trial but three years after witnessing the driver of the truck. Lawrence argues that his attorney’s failure to object to this resulted in ineffective assistance of counsel.
¶ 11. In Collins v. State, 70 So.3d 1144, 1145 (¶ 1) (Miss.Ct.App.2011), Collins was convicted of three counts of sexual battery, one count of touching a child for lustful purposes, and one count of statutory rape. At trial, Dr. Matherne, a clinical psychologist, testified as to whether sexual abuse had occurred. Id. at 1146 (¶ 8). No objection was made to Dr. Matherne’s testimony or his qualification as an expert in clinical psychology. Id. at 1146 (¶ 6). However, the trial court stated that “[i]t was not necessary ... for Dr. Matherne to ... testify ... [and] if there had been an objection to it, [the court] would have sustained [it].” Id. at 1146 (¶ 9).
¶ 12. On appeal, Collins argued that the failure of his attorney to object to Dr. Matherne’s testimony amounted to ineffective assistance of counsel. Id. at 1147 (¶ 15). However, this Court held that Collins failed to establish reasonable probability that, had his attorney objected to Dr. Matherne’s testimony, the result would have been different. Id. at 1148 (¶ 18). This Court found “that persons may be found guilty on the uncorroborated testimony of a single witness.” Id. (citation omitted). In Collins, the victim testified that Collins had sexually abused her. Id. This Court found that even without supporting testimony, the jury could have found Collins guilty. Id. The victim’s testimony alone was sufficient to support the conviction. Id.
¶ 13. Likewise, we cannot conclude that there would have been a different result without the admission of Officer Lamb’s and Officer Tarazano’s testimonies. At trial, Jane Doe stated that she was 100 percent positive that Lawrence was her attacker. Similar to the victim’s testimony in Collins, Jane Doe’s testimony alone was sufficient to support the conviction.
¶ 14. Furthermore, we find that Lawrence’s attorney conducted a thorough *160 cross-examination of both Officer Lamb and Officer Tarazano. Through cross-examination, Lawrence’s attorney questioned whether each officer had an independent basis for identification. Additionally, Lawrence’s attorney made it clear that each officer viewed a single photograph three years after observing the driver of the truck, and neither officer testified to a positive identification. See id. (“It is well settled that the jury determines the weight and credibility to give witness testimony and other evidence.” (internal quotation omitted)). For these reasons, we find this issue to be without merit.
II. Whether the failure of Lawrence’s attorney to object to hearsay and opinion evidence resulted in ineffective assistance of counsel.
¶ 15. Lawrence argues that the failure of his attorney to object to hearsay and opinion evidence resulted in ineffective assistance of counsel.
A. Whether the failure of Lawrence’s attorney to object to hearsay from Jane Doe resulted in ineffective assistance of counsel.
¶ 16. At trial, Jane Doe testified that she identified Lawrence as her attacker to her husband on October 7, 1989.[2] Lawrence argues that the failure of his attorney to object to this hearsay resulted in ineffective assistance of counsel. We disagree.
¶ 17. Under Mississippi Rule of Evidence 801(d)(1)(C), a statement is not hearsay if “[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... one of identification of a person made after perceiving the person[.]” Lawrence failed to provide any evidence that the trial court would have disallowed Jane Doe’s testimony upon objection made by his attorney. Because Jane Doe testified at trial and was subject to cross-examination concerning her statement, and her statement was one of identification of her attacker made after perceiving her attacker, we find this argument to be without merit.[3]
B. Whether the failure of Lawrence’s attorney to object to hearsay and opinion evidence from Officer Ma-bens resulted in ineffective assistance of counsel.
¶ 18. At trial, testimony was offered concerning the fact that there may have been other trucks similar to Lawrence’s truck in the area on October 7, 1989. However, Officer Robert Mabens testified that his investigation led to the conclusion that none of the other trucks were actually present in the area when the crime occurred. Lawrence argues that the failure of his attorney to object to this hearsay and opinion evidence resulted in ineffective assistance of counsel. We disagree.
*161 ¶ 19. “Statements are not hearsay when they are admitted to explain [an] officer’s course of investigation.” Smith v. State, 984 So.2d 295, 300 (¶ 8) (Miss.Ct.App.2007) (citing Rubenstein v. State, 941 So.2d 735, 764 (¶ 111) (Miss.2006)). Officer Mabens testified merely as to what occurred during the course of his investigation and how other suspects were eliminated. Furthermore, Officer Mabens was never asked for his opinion as to Lawrence’s guilt. For these reasons, we find this issue to be without merit.
III. Whether the failure of Lawrence’s attorney to object to the State’s rebuttal witnesses and introduction of photographs resulted in ineffective assistance of counsel.
¶20. Lawrence argues that the failure of his attorney to object to the testimony of three rebuttal witnesses and the introduction of photographs during rebuttal resulted in ineffective assistance of counsel. In the alternative, Lawrence argues that the failure of his attorney to ask for a continuance resulted in ineffective assistance of counsel. We disagree.
¶ 21. At trial, Lawrence presented an alibi defense. Pam Haman (Pam) testified that Lawrence spent the night of October 6, 1989, in her apartment in anticipation of their sailing and camping trip with Ron Sartor (Ron) and Margaret Sartor (Margaret) to Horn Island early the next morning, October 7, 1989, to celebrate Margaret’s birthday. Lawrence, Haman, Ron, and Margaret all testified that they spent the entire weekend of October 7 and 8, 1989, on Horn Island and returned just before sundown on October 8,1989.
¶ 22. Margaret testified that she spent her birthday the year before, October 7, 1988, on Horn Island with Donald Check-ley (Donald), Dawn Spatzer (Dawn), and Susan Checkley (Susan). She also testified that she spent her birthday the following year, in 1990, engaged in official military business in Orlando, Florida. Official government records to support this claim were admitted for identification purposes only.
¶ 23. The State then called three rebuttal -witnesses: Donald, Susan, and Timothy Lawton (Timothy). These witnesses all testified that they celebrated Margaret’s birthday on Horn Island in 1989. All three witnesses denied that Lawrence was with them on that day.
¶ 24. Furthermore, Donald identified photographs that Margaret had given to Timothy and his wife for Christmas in 1989. Donald testified that he had an identical copy of one of the pictures and that Margaret had given it to him for Christmas that same year. Both Donald and Timothy testified that the picture, which did not include Lawrence, was from the 1989 outing to Horn Island.
¶ 25. Susan, who lived with Margaret, testified that Pam, Lawrence, Ron, and Margaret went on an outing in 1990, not 1989.
¶ 26. When the State rested, Lawrence’s attorney stated: “Well Judge, we’re going to have to ... call back some rebuttal witnesses of our own. This can’t be standing like it is.” However, surrebut-tal was denied.
¶27. On direct appeal, Lawrence argued that the State’s failure to disclose its rebuttal witnesses and photographs before trial violated the rules of discovery and deprived him of his due process right to a fair trial. Lawrence v. State, 93-KA-01202-COA, 695 So.2d 603 (May 20, 1997). This Court held that where evidence is introduced, surrebuttal should be allowed, especially if it would prejudice the other side if they were denied the opportunity. *162 Id. However, this Court found that there was no resulting prejudice due to this error and concluded that the denial of surre-buttal was harmless error. Id. In reaching this decision, this Court stated that surrebuttal is not allowed if it would be cumulative of evidence already elicited. Id. This Court found that evidence of when the photographs were taken is what Lawrence would have tried to elicit on surre-buttal. Id. Margaret would have adversely testified that the photos were taken in 1988, or she would have cumulatively testified that the photos were taken in 1989. Id.
¶ 28. Lawrence argues that the failure of his attorney to object to the State’s rebuttal witnesses and introduction of photographs amounted to ineffective assistance of counsel. But, as stated, “a presumption exists that the attorney’s conduct was adequate.” Rodgers v. State, 66 So.3d 736, 738 (¶ 8) (Miss.Ct.App.2011) (quoting Hull v. State, 983 So.2d 331, 333-34 (¶ 11) (Miss.Ct.App.2007)). And “[t]o overcome this presumption, ‘the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.’” Madden v. State, 991 So.2d 1231, 1236-37 (¶ 23) (Miss.Ct.App.2008) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). An attorney’s failure to object to improper rebuttal testimony does not constitute ineffective assistance where there was no likelihood that a different result would have been obtained had the attorney successfully resisted the introduction of evidence. Street v. State, 754 So.2d 497, 504 (¶ 27) (Miss.Ct.App.1999).
¶ 29. We have already determined that the denial of surrebuttal did not result in prejudice. However, Lawrence argues that he presented evidence at his PCR hearing that demonstrated the State’s violation resulted in actual prejudice. Lawrence presented testimony from Margaret that the photos were taken over the course of several different years. However, Margaret offered no evidence or proof other than her own contradicted word. She admitted that she did not have any evidence as to when the photos were taken. Additionally, no evidence was presented that destroyed the credibility of rebuttal. Because Lawrence is unable to show that the result of the proceeding would have been different, we find this issue to be without merit.
IY. Whether the failure of Lawrence’s attorney to obtain an expert to assist in rebutting the State’s DNA evidence resulted in ineffective assistance of counsel.
¶ 30. Lawrence argues that the failure of his attorney to obtain an expert to analyze the State’s DNA evidence and his attorney’s questioning of the State’s DNA expert resulted in ineffective assistance of counsel. We disagree.
¶ 31. At trial, the State’s expert testified that PCR DNA testing showed that the DNA evidence recovered from the crime scene was a “genetic match” to Lawrence. Lawrence argues that on cross-examination, Lawrence’s attorney focused on attacking the methodology of the DNA tests while relying on outdated literature. Lawrence argues that had his attorney hired or requested the appointment of a defense expert, he would not have adopted the strategy that he did. Lawrence further argues that by attacking the methodology of the DNA tests instead of the meaning of its results, his attorney’s strategy resulted in ineffective assistance of counsel.
¶ 32. Our supreme court has held that “[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circum *163 stances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Wilcher v. State, 863 So.2d 719, 733 (¶ 30) (Miss.2003) (citation omitted).
As stated, “[t]here is a ‘strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, ... the challenged action might be considered sound trial strategy.’ ” Cooper, 76 So.3d at 753 (¶ 17) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). Additionally, counsel is “not deficient merely because he did not conduct the cross-examination ... in every regard as [post-conviction] counsel asserts he should have done.” Manning v. State, 929 So.2d 885, 902 (¶ 48) (Miss.2006).
¶ 33. First, Lawrence’s attorney made the strategic decision not to hire an expert because, at the time, the attorney thought other evidence was more troublesome than the DNA evidence.
¶ 34. Second, although Lawrence argues that his attorney attacked the methodology of the DNA test instead of its results, the record indicates otherwise. On cross-examination, Lawrence’s attorney attacked the DNA methodology used by the State’s witnesses as well as the fact that the DNA testing was merely exclusionary. Further, through cross-examination, Lawrence’s attorney was able to disclose that the DNA testing in this matter did not amount to a “genetic match.” While Lawrence’s attorney may not have conducted the cross-examination in every regard as post-conviction counsel asserts he should have done, Lawrence’s attorney did not have the benefit of hindsight.
¶ 35. We find that Lawrence’s attorney thoroughly and effectively cross-examined the State’s expert. Neither the failure of Lawrence’s attorney to obtain an expert to assist in rebutting the State’s DNA evidence nor the questioning on cross-examination by Lawrence’s attorney amount to ineffective assistance of counsel. For these reasons, we find this issue to be without merit.
Y. Whether the cumulative errors of Lawrence’s attorney resulted in prejudice.
¶ 36. Lawrence argues that the cumulative errors of his attorney resulted in prejudice, thus denying him a fair trial.
¶ 37. Lawrence finds basis for his argument in the cumulative-error doctrine. Pursuant to this doctrine, “individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial.” Ross v. State, 954 So.2d 968, 1018 (¶ 138) (Miss.2007) (citing Byrom v. State, 863 So.2d 836, 847 (¶ 13) (Miss.2003)). However, “if there are no individual errors, there can be no cumulative error that warrants reversal.” Harding v. State, 17 So.3d 1129, 1133 (¶ 13) (Miss.Ct.App.2009) (citing Harris v. State, 970 So.2d 151, 157 (¶ 24) (Miss.2007)). Because we find no individual errors, this issue is without merit.
CONCLUSION
¶ 38. We find Lawrence’s claims of ineffective assistance of counsel are without merit. Additionally, because we find no individual errors, Lawrence’s claim that the cumulative errors of his attorney resulted in prejudice is also without merit. Therefore, we affirm the judgment of the Jackson County Circuit Court.
¶ 39. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
*164 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. This Court declines to identify victims of sexual crimes.

. While the October 7, 1989 identification was long before she identified Lawrence to the police, Jane Doe explained that this delay was because she did not want to make an identification until she was 100 percent positive that Lawrence was her attacker. Jane Doe requested a show-up with Lawrence; however, one was never arranged. It was not until Jane Doe ran into Lawrence face-to-face at the hospital where she worked that she was 100 percent positive that Lawrence was her attacker.

. Lawrence argues that Mississippi has a history of precluding the State from bolstering its witness credibility with self-serving hearsay from that witness reporting crime to friends or family. However, Lawrence cites cases from 1912, 1936, and 1951 to support this assertion. "The Mississippi Rules of Evidence shall govern all proceedings in any action had on or after January 1, 1986.”